### UNITED STATES v. SMITH.

(District Court, D. Montana. July 8, 1922.)

No. 200.

**Woods and forests ⬥8—Right to permit for grazing on forest reservation.**

Where a decree, entered by stipulation, enjoined defendant from pasturing on a forest reservation without first obtaining a permit under the regulations of the department, provided that the decree should not prejudice his right to such permit, nor bar an action for subsequent trespasses, the local official in charge was not justified in withholding a permit to which, under the regulations, defendant was entitled on the merits, to coerce payment of damages claimed for trespasses pending the suit.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by the United States against Charles Smith. On citation for violation of injunction. Dismissed.

John L. Slattery, U. S. Atty., and W. H. Meigs, Asst. U. S. Atty., both of Helena, Mont.

E. D. Phelan, of Helena, Mont., for defendant.

BOURQUIN, District Judge. In this suit, upon stipulation, a decree has been rendered which provides that defendant is enjoined from grazing plaintiff's forest lands—

"without first having obtained due and proper authority from the Secretary of Agriculture of the United States: Provided, however, that it is not intended by the terms of this decree to enjoin or restrain the defendant from enjoying and using the privileges granted bona fide settlers as to the grazing of live stock upon said lands under the rules and regulations provided by the Secretary of Agriculture; nor shall this decree in any wise prejudice the rights of the defendant, in making application for, or receiving a permit or permits for the purpose of grazing livestock upon said lands under the rules and regulations provided by the Secretary of Agriculture governing applications for, or granting permits for grazing privileges on said reserve, or to bar or prejudice the plaintiff from instituting suit for trespass and damages alleged to have arisen subsequent to the period of time set forth in plaintiff's complaint on file herein."

He is now accused of violation of the decree, and he defends, for that, amongst other things, plaintiff also violated it by refusing his timely application for a grazing permit. The evidence is that, immediately after the decree, defendant applied for a permit, and plaintiff, conceding he is entitled to it on the merits, withholds it because defendant failed to pay a money demand based upon his alleged grazing trespasses subsequent to commencement of this suit. The supervisor testifies he is reserving range for defendant, and that the permit will issue, if and when he pays the demand.

The defense is made out. Clearly the decree contemplates that defendant will be granted a permit, if the merits of his application warrant it, and that, if plaintiff is entitled to anything for trespasses subsequent to this suit, it can have an action therefor and defendant his day in court. That is the spirit, if not a condition, of the decree, a contract of record, and defendant is entitled to good-faith performance of it by plaintiff. It was in that expectation, for that consideration, that he entered into the stipulation.

The rule is that a party who fails to comply with the terms of a decree or contract favorable to the other party is disabled to complain of the latter's like failure in respect to the terms favorable to him. In other words, those who ask equity must do equity, governments as well as persons. Indeed, for the sake of good example, governments, more than persons, are bound to respect a court's decree. It is observed that in some circumstances in defendant's behalf equity might regard as done that which plaintiff ought to have done.

That grazing permits are not rights, but are privileges, is true; but Congress intends they shall be issued or withheld in sound discretion, for the common good, and not at pleasure, to serve some ulterior end —certainly not in evasion of a decree to which plaintiff is a party. If

plaintiff's department conceives it has the power of a tyrant, and exercises it like a tyrant, therein will be no aid from a court of equity. Defendant, a small landowner and stock raiser surrounded by the forest, must know he greatly jeopardizes his interests by failure to comply faithfully with forestry regulations; and his very situation ought to inspire the department, with its great power, to the utmost reasonableness towards him. He is of the mountaineers and men of the forest, always mainstays of freedom, to be viewed with a friendly eye.

The friction between defendant and forestry local employees ought to be and can be obviated by mutual reasonableness; and, in the hope that it will be, the proceedings are dismissed.